## MISSOURI PACIFIC R'Y. CO. vs. THOMAS COX.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Damages*—To the rule that damages for injury to the feelings is not recoverable the one exception is when it results from tort, and the injury is malicious and wanton.

*Same—Charge of the Court*—There being no evidence tending to show malice in the injury to the fence of the plaintiff, the court erred in admitting testimony in support of a demand for exemplary damages.

*Same—Evidence*—The mere opinion of plaintiff as to the amount of damage sustained by him, was not competent as evidence.

*Same---Measure of Damages---*See the opinion for an enunciation of the property measure of damages in a suit for same done to land, growing crops, etc. Note also, that it is incumbent on the court in such suits to give definite, and full instructions on the measure of damages as made by the facts in the case.

Appeal from County Court of Collin county.

We extract from appellants brief the following statement of the case :

"This suit was instituted in the justice court of Precinct No. 2, of Collin county, before John S. Rike, J. P., by Thomas Cox, appellee, against the Missouri Pacific Railway Company, appellant, to recover the sum of $200 ; damages done to his lands and growing crops, from the 15th day of November, 1881, until the 20th day of April, 1882, on account of appellant's failure to erect stock guards to protect his enclosure and for throwing rocks and piles of dirt from the right-of-way of appellant upon his tillable lands, and for damages done to his growing crops and tramping his land, and for damages to corn in pens and for trouble and vexation of mind." In justice's court appellee recovered judgment for $200.00.

On appeal by appellant to the county court, and upon trial *de novo* the judgment of the justice's court was reduced to $160.00, from which judgment this appeal is prosecuted.

I. On the trial appellee was permitted to testify over the objection of appellant, that he had been damaged by the wrongful acts complained of in his suit, from the "trouble and vexation of mind" in the sum of $50.00. Also, in the charge of the court the jury was instructed that in estimating damages they might consider this item of trouble and vexation of mind. As a general rule damages for injuries done to one's feelings are not recoverable. But in actions for tort, where the wrongful act complained of was wanton, malicious, or grossly negligent, attended with circumstances of insult, outrage, or oppression of party wronged is not limited to the rule of actual compensation, but may recover also such exemplary damages as the evidence may warrant. (Field on Damages, sec 23, 69, 70, 71, 599, 667 ; Sedgwick on Dam., 38 ; W. & W. Con. Rep., sec. 255.) In a proper case therefore, damages for "trouble and mental suffering" would be recoverable but, in the case before us, there was no such evidence as justified the appellee's claim for this character of damages.

There was no evidence tending to show that his fence had been wantonly or maliciously torn down or that the appellant had been guilty, of gross negligence, insult, outrage or oppression. It was not a case, under the evidence in our judgment which would warrant the recovery of exemplary damages, and we think the court erred in admitting the evidence objected to and in submitting to the jury the question of such damages. Besides, the opinion of Cox as to the amount he had been damaged was inadmissible. (W. & W. Con. Rep., sec. 1109.)

II.   In a suit such as this, for the recovery of damages for injury done to land and to crops growing thereon the general rule for the measure of damages is, the difference between the market value of the land immediately *before* the injury is done, and its market value immediately *after* such injury. (W. & W. Con. Rep., sec. 445.) Crops growing upon the land are a part of the land, and in estimating the damage done to the land, the damage done to the crops should be considered and form a part of the estimated damages to the land. (W. & W. Con. Rep. sec. 232.) Where a crop is injured or destroyed the measure of damage is the actual value of so much thereof as was injured or destroyed at the time of such injury or destruction, with legal interest upon the amount from that date. (W. & W. Con. Rep., sec's. 298, 482, 1139.)

In this case evidence was admitted over objections of appellant, to prove the probable value of appellee's crops, if they had matured, without being injured by the acts complained of. In other words, witnesses were permitted to estimate the damage to said crops by *guessing* at what the value of the same would have been if they had not been injured, and comparing this conjectural product with the quantity actually produced. This evidence was not admissible and the court erred in admitting it. (W. & W. Con. Rep., sec's. 482, 1139.)

III.   In its charge, the court did not instruct the jury in the rules governing the measure of damages any farther than that they would find such damages as were the actual, natural proximate result of the acts complained of, etc. This gave the jury no certain, definite rule by which to be guided in estimating the damages which were legally recoverable. It is the duty of the court in all damage suits to give definite instructions to the jury as to the correct measure of damages applicable to the facts of the case. (W. & W. Con. Rep.

sec's. 446, 1148.) The court's attention was called to the omission in the charge by special charge requested by appellant and refused.

IV. Another error·in the charge of the court was that it authorized the jury to find damages for throwing rocks and piles of dirt upon plaintiff's land. There was no proof that plaintiff had been damaged in this way, and besides plaintiff on the trial expressly abandoned this item of damage. Such charge was not warranted by the evidence and was accepted to by appellant when given. (W. & W. Con. Rep. sec. 297.

V. We are of the opinion that upon the facts of this case the court should have instructed the jury, that it was the duty of the plaintiff to protect himself from the wrongful act of defendant, if he could have done so by ordinary effort and care, or at a moderate expense, and that upon his failure to do so, could only recover for such loss as could not thus have been prevented.

Field on Damages, sec 21.

Special charges were requested by appellant and refused by the court, which, while they were not perhaps strictly correct, were sufficient to call the attention of the court to this phase of the case as presented by the evidence.

Because of the errors mentioned the judgment is reversed and the cause remanded.

Reversed and remanded. Willson, J.